UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    Docket No.: 07 CIV 6812
KELVIN E. GAMBLE,
                                    Plaintiff(s),                         JUDGE CHIN

                    -against-                                             **NOTICE OF  REMOVAL**

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,
                                    Defendant(s).
------------------------------------------------------------------------X

        Defendant, MARK D. NEIDITZ AND BONANZA ACQUISTION LLC, alleges:

1:        MARK D. NEIDITZ AND BONANZA ACQUISTION LLC is the defendant in a civil action

originally filed on June 14, 2007 in the Supreme Court of the State of New York for the County of

BRONX, under Index No.: 16322/07 entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  BRONX
----------------------------------------------------------------X            Index No.: 16322/07
KELVIN E. GAMBLE,
                                Plaintiff(s),

                    -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,
                                Defendant(s).
----------------------------------------------------------------X

                            **<u>TIMELINESS OF REMOVAL</u>**

1:        Defendants were served with the summons and complaint on July 2, 2007; thus removal is

timely under 28  USC Sections 1141 and 1446(b).

2:        The Defendants served upon the Plaintiff attorney on July 27, 2007 a Verified Answer, including

a demand for a Statement of Damages, that the Plaintiff respond within 15 days.   In addition, the

undersigned provided a cover page letter demanding that the Plaintiff timely respond to a statement of

damages since the Defendant's intent is to remove this case to the Southern District, Federal Court, see

attached as Exhibit "B".

2:       True and complete copies of all the process and pleadings served on the defendants in this action

are attached as Exhibit "A" and no further proceedings

have been had.              **BASIS FOR JURISDICTION**

3:       This Court has original jurisdiction over this action based on diversity of citizenship pursuant to

28 USC Section 1332.

4:       This is a civil action in which the matter in controversy, the undersigned assumes, exceeds the

sum of $75,000.00, exclusive of interest and costs (Note: As noted above the Plaintiff has not responded

to our demand for a Statement of Damages).

5:       Plaintiff   KELVIN E. GAMBLE is a resident of the North Carolina.

6:       Defendant MARK D. NEIDITZ AND BONANZA ACQUISTION LLC are

citizens of the States of Connecticut and Rhode Island, respectively

7:       No defendant in this action is citizen of the State where the action was brought.

       Wherefore, defendants MARK D. NEIDITZ AND BONANZA ACQUISTION LLC file this

notice to remove the action now pending in the Supreme Court of the State of New York, County of

BRONX, Index No.: 16322/07 from that Court to this Court.

Dated: New York, New York
       July 27, 2007                    Yours, etc.,
                                        VINCENT P. CRISCI, ESQ.
                                        Attorney(s) for Defendant(s)
                                        MARK D. NEIDITZ
                                        AND BONANZA ACQUISTION LLC
                                        By: _____
                                              CAROLINE PAPADATOS, ESQ.
                                              (CP-6121)


                                        7 State Street
                                        New York, NY  10004
                                        Telephone No.: 212-943-8940
                                        File No.: 03-621019-CP

TO:    ORIN J. COHEN, ESQ.
       Attorney(s) for Plaintiff(s)
       1162 Victory Boulevard

Staten Island, NY  10301

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
851 GRAND CONCOURSE
BRONX, NY 10451

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  BRONX
-------------------------------------------------------------------X          Index No.: 16322/07

KELVIN E. GAMBLE,                                                      **NOTICE OF FILING OF**
                                                                                       **NOTICE OF REMOVAL**

                                       Plaintiff(s),

                       -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                                       Defendant(s).


-------------------------------------------------------------------X

           TO:

           ORIN J. COHEN, ESQ.
           Attorney(s) for Plaintiff(s)
           1162 Victory Boulevard
           Staten Island, NY  10301


       **PLEASE TAKE NOTICE THAT ON**    July 27, 2007,  defendant(s), **MARK D. NEIDITZ**

**AND BONANZA ACQUISTION LLC**, by their attorney, VINCENT P. CRISCI, ESQ., filed a notice of

removal, a copy of which is attached, in the United States District Court for the Southern District of New

York.  This document is being filed with the Supreme Court, Bronx County.

Dated: New York, New York
          July 27, 2007
                                                    Yours, etc.,

                                                    VINCENT P. CRISCI, ESQ.
                                                    Attorney(s) for Defendant(s)
                                                    MARK D. NEIDITZ
                                                    AND BONANZA ACQUISTION LLC

                                                    By: _____
                                                              CAROLINE PAPADATOS, ESQ.
                                                    17 State Street
                                                    New York, NY  10004
                                                    Telephone No.: 212-943-8940
                                                    File No.: 03-621019-CP

TO:    ORIN J. COHEN, ESQ.
          Attorney(s) for Plaintiff(s)

1162 Victory Boulevard
Staten Island, NY  10301
Telephone No.: 718-448-2889

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
851 GRAND CONCOURSE
BRONX, NY 10451

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  BRONX

-------------------------------------------------------------------------X

KELVIN E. GAMBLE,

                                        Plaintiff(s),

                    -against-


MARK D. NEIDITZ AND BONANZA ACQUSTION LLC,

                                        Defendant(s).


-------------------------------------------------------------------------X

Index No.: 16322/07

*AFFIDAVIT*
*OF*
*SERVICE*
*BY MAIL*


*STATE OF NEW YORK    )*
                                  *: s.s.:*
*COUNTY OF NEW YORK)*


        *DONNA J. CURLEY, being duly sworn, says:*
1.       *I am not a party to the within action, am over eighteen (18) years of age and reside at Suffolk*
*County, New York.*
2.       *On July 27, 2007, I served true copies of the annexed:*
**NOTICE OF REMOVAL AND NOTICE OF FILING OF NOTICE OF REMOVAL**
*in the following manner upon:*

☐
Service
 by Mail

by mailing the same in a sealed envelope, with postage prepaid therein, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐
Personal
Service

by delivering the same personally to the persons and at the addresses indicated below:

☐
Service by
Electronic
 Means

by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose.  In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of the same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐
Overnight
Delivery
Service

by depositing the same with an overnight delivery service in a wrapper properly addressed.  Said delivery was made  prior to the latest time designated by the overnight delivery service for overnight delivery.  The address and delivery service are indicated below:

        ORIN J. COHEN, ESQ.
        Attorney(s) for Plaintiff(s)
        1162 Victory Boulevard
        Staten Island, NY  10301

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
851 GRAND CONCOURSE
BRONX, NY 10451


*by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addresses as indicated above.*

_____

**DONNA J. CURLEY**

*SWORN TO BEFORE ME ON*
*July 27, 2007*

_____

*Notary Public*

Index No.: 16322/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
================================================================================
KELVIN E. GAMBLE,

                              Plaintiff(s),

                 -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                              Defendant(s).

================================================================-=====
### NOTICE OF FILING OF NOTICE OF REMOVAL AND NOTICE OF REMOVAL
================================================================================
### *VINCENT P. CRISCI, ESQ.*
Attorney for Defendant(s)
MARK D. NEIDITZ AND BONANZA ACQUISTION LLC.
17 State Street
New York, NY  10004
Telephone No.: 212-943-8940
File No.:  **03-621019-CP**
================================================================================
        TO:    ALL PARTIES
==================================================================================
Pursuant to 22 N.Y.C.R.R. 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York,
certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous
Dated:  New York, New York
        July 27, 2007                                   *Signature*_____
                        (*Print signer's name*)                    CAROLINE PAPADATOS, ESQ.


================================================================================

EXHIBIT A

did, sustain severe, painful injuries to his person, all to his damage in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York,

WHEREFORE, the plaintiff, **KELVIN E. GAMBLE**, demands judgment against the defendants in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York.

Dated: Staten Island, New York
June 1, 2007

Yours, etc.,

ORIN J. COHEN, ESQ.
Attorney for Plaintiff
1162 Victory Boulevard
Staten Island, NY 10301
(718) 448-2889

**EIGHTH:** That Lower Level East Express Lane 12, at or near its intersection with Wasworth Avenue, in the Bronx County, City and State of New York, was and still is a much traveled public roadway in common use by the residents of the State of New York and others.

**NINTH:** That on the 21st day of October, 2006, at approximately 1:20 p.m., the defendant, **MARK D. NEIDITZ**, was operating the aforesaid motor vehicle on the Lower Level East Express Lane 12, at or near its intersection with Wasworth Avenue, in the Bronx County, City and State of New York.

**TENTH:** That on the 21st day of October, 2006, at approximately 1:20 p.m., the plaintiff, **KELVIN E. GAMBLE**, was operating the aforesaid motor vehicle on the Lower Level East Express Lane 12, at or near its intersection with Wasworth Avenue, in the Bronx County, City and State of New York.

**ELEVENTH:** That on the 21st day of October, 20016, at approximately 1:20 p.m., the defendant's motor vehicle came into violent contact with the plaintiff's motor vehicle, at the aforementioned location.

**TWELFTH:** That the said occurrence was caused solely by reason of the negligence of the defendant in the ownership, operation, maintenance and control of his said motor vehicle, described as aforementioned, and without any negligence on the part of the plaintiff contributing thereto.

**THIRTEENTH:** That the defendant, on the 21st day of October, 2006, at approximately 1:20 p.m., was reckless, careless and negligent in failing to keep his said motor vehicle under proper management and control; in failing to observe the conditions on the roadway; in failing to have a due, timely, adequate and proper lookout; in failing to give any notice, warning or signal of his approach; in operating the said vehicle at an excessive rate of speed, inconsistent with the exercise of reasonable and due care, under the conditions and circumstances existing immediately prior to and at the time of the occurrence; in failing to make adequate, proper and timely use of the brakes; in failing to keep the said motor vehicle at a reasonable and sufficient distance, so as to bring it to a stop in sufficient time to avoid striking the vehicle the plaintiff was driving, causing and permitting the said vehicle of the defendant to be operated at a speed beyond its braking power; in failing to observe the rules of the road; causing the plaintiff to be seriously and permanently injured.

**FOURTEENTH:** That, upon information and belief, that defendant was negligent and careless in failing and omitting to have its vehicle equipped and maintained with good and sufficient working mechanical contrivances, particularly the braking, viewing, steering and signaling devices and other functioning parts of said automobiles.

**FIFTEENTH:** The Plaintiff is not subject to the limitations of Article 16 of the CPLR, pursuant to the exclusions therein.

**SIXTEENTH:** That as a result of the foregoing, the plaintiff sustained a serious injury as defined in subdivision (d) of Section 5102 of the insurance law of the State of New York.

-------------------------------------------------------------X

KELVIN E. GAMBLE,

                        Plaintiff,

                                                              Index No.

              - against -

                                                              **COMPLAINT**

MARK D. NEIDITZ AND BONANZA
ACQUISTION LLC.,

                        Defendants.

-------------------------------------------------------------X

        Plaintiff, complaining of the defendant, by her attorney, **ORIN J. COHEN**, respectfully
sets forth to this Court and alleges:

        FIRST:        That plaintiff, **KELVIN E. GAMBLE**, at the time of the institution of this
action, was a resident in the City of Charlotte, State of North Carolina.

        SECOND:       That, upon information and belief and at all times herein mentioned, the
defendant, **MARK D. NEIDITZ** was a resident in the City of Piscatuck, State of Connecticut
and the defendant, **BONANZA ACQUISTION LLC.**, was a resident of the City of Providence,
State of Rhode Island.

        THIRD:        That at all the times herein mentioned, the defendant **BONANZA
ACQUISTION LLC.**, was the owner of a certain 2000 MCI bus motor vehicle bearing Rhode
Island registration Plate No. 20923 for the year 2006.

        FOURTH:       That at all time herein mentioned, the defendant, **MARK D. NEIDITZ**,
was the operator of a certain 2000 MCI bus motor vehicle bearing Rhode Island registration Plate
No. 20923 for the year 2006.

        FIFTH:        That at all times herein mentioned, the plaintiff, **KELVIN E. GAMBLE**,
was the operator of a certain 1996 Volvo motor vehicle bearing North Carolina State registration
Plate No. VTF3701 for the year 2006.

        SIXTH:        That at all times herein mentioned, the defendant, **MARK D. NEIDITZ**,
was the operator of a certain 1988 Chevrolet motor vehicle bearing New York State registration
Plate No. BBC1813 for the year 2003, with the permission, knowledge and consent of the
defendant owner **BONANZA ACQUISITION LLC.**

        SEVENTH:      That at all times herein mentioned, the defendant, **MARK D. NEIDITZ**,
was employed by the defendant owner, **BONANZA ACQUISITION LLC.**, and was operating
the said motor vehicle within the scope of his employment.

KELVIN E. GAMBLE,

Plaintiff designates
Bronx County
as the place of trial

Plaintiff,

The basis of the venue is
Complainant's case already
Pending.

-against-

MARK D. NEIDITZ AND
BONANZA ACQUISTION LLC.,

**SUMMONS**

Defendants.

Plaintiff resides at:
6615 English Hills Drive
Charlotte, NC 28212-7941

To the above named Defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Staten Island, New York
June 5, 2007

ORIN J. COHEN, ESQ.

Attorney for Plaintiff
1162 Victory Boulevard
Staten Island, New York 10301
(718) 448-2889

Defendant's Address:

MARK D. NEIDITZ – Box 2161, Powcatuck, CT 06379 or C/O Bonanza Acquisition LLC,
One Bonanza Way, Providence, RI 02904

BONANZA ACQUISITION LLC-One Bonanza Way, Providence, RI 02904

Upon your failure to appear, judgment will be taken against you by default.

SUPREME COURT OF THE STATE OF NEW YORK          Index No.: 16322/07
COUNTY OF BRONX
-----------------------------------------------------------------X

                                                                **VERIFIED ANSWER**

KELVIN E. GAMBLE,

                              Plaintiff(s),

                    -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                              Defendant(s).

-----------------------------------------------------------------X


        Defendant(s), MARK D. NEIDITZ AND BONANZA ACQUISTION LLC, by their attorney,

**VINCENT P. CRISCI,** as and for their Verified Answer to the Verified Complaint of the plaintiff(s)

herein allege(s) as follows:

        1.      Denies any knowledge or information sufficient to form a belief as to the  allegation(s) set

forth in paragraph(s) numbered "FIRST" and "FIFTH" of the Verified Complaint.

        2.      Denies each and every allegation(s) set forth in paragraph(s) numbered   "EIGHT" of the

Verified Complaint as to allegation that the Lower Level East Express Lane 12, at or near its intersection

with Wasworth Avenue is located in the Bronx County, City and State of New York; denies any

knowledge or information sufficient to form a belief as to the remained of the allegation(s) set forth in

said paragraph(s) and the Court will take judicial notice of all public roads and thoroughfares.

        3.      Denies each and every allegation(s) set forth in paragraph(s) numbered   "NINTH" and

"TENTH" of the Verified Complaint as to allegation that the Lower Level East Express Lane 12 at or near

its intersection with Wasworth Avenue is located in the Bronx County, City and State of New York;

denies any knowledge or information sufficient to form a belief as to the remained of the allegation(s) set

forth in said paragraph(s)

4.      Denies each and every allegation(s) set forth in paragraph(s) numbered    "ELEVENTH," "TWELFTH," "THIRTEENTH," "FOURTEENTH," "FIFTEENTH"      "SIXTEENTH"      and "SEVENTEENTH" of the Verified Complaint.

## AS AND FOR A FIRST, SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE,
## THE ANSWERING DEFENDANT(S) RESPECTFULLY ALLEGE:

5.    That if the occurrence as alleged in the Verified Complaint occurred at all,

it was caused completely or partially by the culpable conduct of the plaintiff(s) and not by the herein

defendant(s) and the defendant(s) seek(s) a dismissal or reduction in any recovery had by the plaintiff(s)

in proportion to which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct

which caused the damages.

## AS AND FOR A SECOND, SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE,
## THE ANSWERING DEFENDANT(S) RESPECTFULLY ALLEGE:

6.      That the Verified Complaint fails to state a cause of action upon which relief can be granted

by virtue of the fact that plaintiff(s) has/have failed to sustain serious injuries for which he is entitled to

compensation as defined in Section 5102 of the Insurance Law and is therefore not entitled to relief by

this Court.

## AS AND FOR A THIRD SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE,
## THE ANSWERING DEFENDANT(S)  RESPECTFULLY ALLEGE(S):

7.      With respect to damages only, the plaintiff(s) was/were not using seatbelts and/or shoulder

harnesses, although these, and/or either of them were apparent and available to the plaintiff(s), and the

lack of use thereof was a factor contributing to the injuries of the plaintiff(s).

## AS AND FOR A FOURTH, SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE,
## THE ANSWERING DEFENDANT(S)RESPECTFULLY ALLEGE(S):

.

8.     That the plaintiff(s) failed to mitigate and/or reduce and/or eliminate his

damages and losses, if any, as alleged in the Complaint.

**AS AND FOR A FIFTH, SEPARATE
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT(S) RESPECTFULLY ALLEGE(S):**

9.     That upon information and belief, the plaintiff's injuries and/or damages,  if  any, were

caused by the intervening and/or superseding acts of third parties unrelated to this answering

defendant.

**AS AND FOR A SIXTH, SEPARATE
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT(S) RESPECTFULLY ALLEGE(S):**

10.     That the Court cannot maintain jurisdiction over this claim, as neither plaintiff nor

defendant is a resident of the State of New York when the action was commenced.

**WHEREFORE,** defendant(s), MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

demand(s) judgment dismissing plaintiff's Verified Complaint against the answering defendants, together

with the costs and disbursements of this action,

Dated: New York, New York
　　　July 27, 2007

Yours, etc.,

VINCENT P. CRISCI, ESQ.
Attorney(s) for Defendant(s)
MARK D. NEIDITZ
AND BONANZA ACQUISTION LLC

By: _____
　　　CAROLINE PAPADATOS, ESQ.
17 State Street
New York, NY  10004
Telephone No.: 212-943-8940
File No.: 03-621019-CP

TO:     ORIN J. COHEN, ESQ.
Attorney(s) for Plaintiff(s)
1162 Victory Boulevard
Staten Island, NY  10301
Telephone No.: 718-448-2889

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  BRONX
------------------------------------------------------------------X      Index No.: 16322/07

KELVIN E. GAMBLE,

                            Plaintiff(s),             **DEMAND FOR
A VERIFIED
BILL OF PARTICULARS**

        -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                        Defendant(s).

------------------------------------------------------------------X

**S I R S :**

      **PLEASE TAKE NOTICE,** that you are hereby required to file and serve the following particulars of plaintiff's alleged cause of action herein within **thirty (30) days** after service of this demand:

      1.      Present address of plaintiff.

      2.      Date of birth and social security number of plaintiff.

      3.      Any name used by plaintiff other than as specifically set forth.

      4.      Date, time and exact location of the occurrence.

      5.      State in what respects it shall be claimed that this answering defendant was negligent and particularize the acts or omissions which it shall be claimed constituted such negligence.

      6.      State in what respects it shall be claimed that such acts or omissions either caused or contributed to the incident complained of.

      7.      A statement of any injuries claimed to have resulted from the occurrence, identifying that portion of plaintiff's body affected and the approximate date of the onset of symptoms of each of the injuries claimed.

8.      State whether it will be claimed that the incident complained of aggravated a pre-existing injury or condition and, if so, specify the nature, cause and duration of such pre-existing injury or condition.

9.      A description of those injuries claimed to be permanent.

10.      The length of time that plaintiff was confined to a hospital or other health care facility and the name and address of each hospital or facility, together with the dates of admission and discharge.

11.      The length of time plaintiff was confined to bed or home as a result of the occurrence with dates of confinement.

12.      The dates plaintiff received treatment at any hospital out-patient department or clinic with the name and address of each hospital or clinic.

13.      Set forth:

        (a) the occupation of plaintiff;
        (b) the name and address of employer;
        (c) number of working days incapacitated;
        (d) weekly rate of pay.

14.      The length of time plaintiff was totally disabled as a result of the occurrence, including specific dates.

15.      The length of time plaintiff was partially disabled as a result of the occurrence, including specific dates.

16.      If the plaintiff is a student, set forth the name and address of attending institution, together with dates of absences as a result of this occurrence.

17.      Total amounts claimed as special damages for:

        (a) physician services;        (d) nurses services;
        (b) medical supplies;          (e) loss of earnings;
        (c) hospital expenses;         (f) other [specify].

18.    Has plaintiff been reimbursed for any of the above special damages?  If so, give the name of the person or organization tendering such benefits, including No-Fault.

19.    Set forth by section and title, statutes, regulations, rules, ordinances and any other laws it will be claimed were violated by this defendant.

20.    Set forth the nature and extent of any services allegedly lost.

21.    If the accident happened on defendant's premises, state exactly where it is alleged the accident occurred and describe the condition or defect which allegedly caused the accident.

22.    If actual notice is alleged, state:

    (a) person to whom given;    (d) person by whom given;
    (b) place given;    (e) how given.
    (c) date when given;

23.    If actual notice is given in writing, provide a copy of said writing.

24.    If constructive notice is claimed, state:

    (a) nature of condition;
    (b) location of condition;
    (c) duration of condition with dates.

25.    If it is alleged that someone other than the defendant(s) caused or created the condition, state name and address of the person who created the condition and date thereof.

26.    If  an automobile accident, give the name of the thoroughfare on which the accident occurred, and direction in which each motor vehicle or pedestrian involved in the accident was proceeding, prior to and at the time of the occurrence.

27.    State whether or not any claim is being made of improper or defective equipment and, if so, describe in detail such equipment and its defects.

28.    If property damage is claimed, set forth:

    (a) description of property damage;
    (b) year purchased and price paid;

(c) detailed list of repairs necessary and cost thereof.

29.    State whether plaintiff suffers from any residual affects of any injury

sustained in this occurrence and, if so, set forth a description thereof.

30.    State in what respect it is claimed that plaintiff has sustained a serious

injury as defined in the Insurance Law §5102, or economic loss greater than basic economic loss as

defined in §5102.

Dated: New York, New York
         July 27, 2007

                                        Yours, etc.,

                                        VINCENT P. CRISCI, ESQ.
                                        Attorney(s) for Defendant(s)
                                        MARK D. NEIDITZ
                                        AND BONANZA ACQUISTION LLC

                                        By: _____
                                               CAROLINE PAPADATOS, ESQ.

                                        17 State Street
                                        New York, NY  10004
                                        Telephone No.: 212-943-8940
                                        File No.: 03-621019-CP

TO:    ORIN J. COHEN, ESQ.
       Attorney(s) for Plaintiff(s)
       1162 Victory Boulevard
       Staten Island, NY  10301
       Telephone No.: 718-448-2889

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  BRONX                                                       Index No.: 16322/07
------------------------------------------------------------------------X

KELVIN E. GAMBLE,

                                Plaintiff(s),                **NOTICE FOR
DISCOVERY
AND INSPECTION**

            -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                         Defendant(s).

------------------------------------------------------------------------X

*S I R S :*

      ***PLEASE TAKE NOTICE,*** that pursuant to the Civil Practice Law and Rules, you are required to

produce for discovery and inspection and reproduction at the offices of the undersigned on August 27,

2007, the following:

      1.      Any signed or unsigned statement, transcript or recorded statement made by or taken from

any party represented by the undersigned in this action or any agent, servant or employee of this

defendant.

      2.      Photographs of instrumentalities involved in this occurrence and areas of such occurrence

taken at or immediately after the occurrence.

      3.      Names and present addresses of each person known or claimed in the action to be a witness

to (a) the occurrence; (b) any acts, omissions or conditions which allegedly caused the occurrence; and (c)

any actual notice allegedly given to the defendant of such conditions.

      4.      The accident reports of the parties as prepared in the regular course of business operations

or practices of any person or entity.

      5.      The names and addresses of each party and attorney appearing in this action pursuant to

the above and CPLR 2103(e).

6.    The index number of this action.

7.    The name(s) and address(es) of all physicians or other persons who have consulted with, examined or treated the plaintiff(s) for each of the conditions allegedly caused or exacerbated by the occurrence, including the date(s) of such consultation(s)(s) examination(s) or treatment.

8.    Medical reports pursuant to CPLR 3121 and 3101.

9.    Duly executed and acknowledged written authorization(s) containing the complete name(s) and address(es) of all health care provider(s) and date(s) of treatment which will permit the undersigned to obtain and make copies of all of the following concerning the occurrence underlying the action:

(a) Complete hospital records, including all notations of physicians, nurses, medical boards, laboratories and all departments.

(b) Actual x-rays and other diagnostic test data and interpretations as taken in any hospital, laboratory or other office location.

(c) Complete office medical records concerning consultation, diagnoses and treatment of the plaintiff(s).

10.  Duly executed and acknowledged written authorizations which will      permit the undersigned to obtain and make copies of all in-patient and out-patient treatment records, and x-rays and other diagnostic tests of any conditions or injuries of any period preceding this occurrence for any areas of the body claimed injured or re-injured in the occurrence underlying this action.

11.  Any and all bills regarding property damage relative to this matter.

**PLEASE TAKE FURTHER NOTICE**, that in lieu of said inspection, you may forward the information to this office prior to the return date.

**PLEASE TAKE FURTHER NOTICE**, that your failure to comply with the foregoing within thirty (30) days will serve as the basis of a motion for appropriate relief and/or sanctions pursuant to the CPLR.

**PLEASE TAKE FURTHER NOTICE**, that the within is a continuing request.  In the event any of the above items are obtained after service hereof, they are to be immediately furnished to the undersigned.

Dated: New York, New York
   July 27, 2007

        Yours, etc.,

        VINCENT P. CRISCI, ESQ.
        Attorney(s) for Defendant(s)
        MARK D. NEIDITZ
        AND BONANZA ACQUISTION LLC

        By: _____
          CAROLINE PAPADATOS, ESQ.

        17 State Street
        New York, NY  10004
        Telephone No.: 212-943-8940
        File No.: 03-621019-CP

TO: ORIN J. COHEN, ESQ.
   Attorney(s) for Plaintiff(s)
   1162 Victory Boulevard
   Staten Island, NY  10301
   Telephone No.: 718-448-2889

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  BRONX

------------------------------------------------------------------------X

KELVIN E. GAMBLE,

                             Plaintiff(s),

                -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                            Defendant(s).

------------------------------------------------------------------------X

Index No.: 16322/07

***AFFIDAVIT***
***OF***
***SERVICE***
***BY MAIL***

*STATE OF NEW YORK   )*
                       *: s.s.:*
*COUNTY OF NEW YORK)*

      *DONNA J. CURLEY, being duly sworn, says:*
*1.     I am not a party to the within action, am over eighteen (18) years of age and reside at Suffolk*
*County, New York.*
*2.     On July 27, 2007, I served true copies of the annexed:*

**VERIFIED ANSWER;**
**DEMAND FOR A VERIFIED BILL OF PARTICULARS;**
**NOTICE FOR DISCOVERY AND INSPECTION;**
**DEMAND FOR EXPERT DISCLOSURE;**
**NOTICE PURSUANT TO CPLR 2103 ;**
**DEMAND PURSUANT TO CPLR 4545;**
**DEMAND FOR AUTHORIZATION(S) TO OBTAIN EMPLOYMENT RECORDS AND W2s;**
**DEMAND FOR AUTHORIZATION(S) TO OBTAIN INCOME TAX RECORDS;**
**DEMAND FOR AUTHORIZATION(S) TO OBTAIN NO-FAULT FILE RECORDS;**
**DEMAND FOR STATEMENT OF DAMAGES**
**AND**
** NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION;**

*in the following manner upon:*

| | |
|---|---|
| ☐<br>Service<br>by Mail | by mailing the same in a sealed envelope, with postage prepaid therein, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below: |
| ☐<br>Personal<br>Service | by delivering the same personally to the persons and at the addresses indicated below: |
| ☐<br>Service by<br>Electronic<br> Means | by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose.  In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of the same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below: |
| ☐ | |

| Overnight Delivery Service | by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below: |
|---|---|

ORIN J. COHEN, ESQ.
Attorney(s) for Plaintiff(s)
1162 Victory Boulevard
Staten Island, NY  10301

*by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addresses as indicated above.*

_____

**DONNA J. CURLEY**

*SWORN TO BEFORE ME ON*
*July 27, 2007*

_____

*Notary Public*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

*Index No.:* 16322/07

-------------------------------------------------------------------------X

KELVIN E. GAMBLE,

                           Plaintiff(s),

            -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                        Defendant(s).

-------------------------------------------------------------------------X

**DEMAND FOR
AUTHORIZATION
TO OBTAIN
INCOME TAX
RECORDS**

**S I R S** :

      **PLEASE TAKE NOTICE,** that pursuant to the CPLR, you are required to produce for discovery, inspection and reproduction at the office of the undersigned, on August 27, 2007, at 10:00 a.m. the following:

      1. Authorization* enabling defendants MARK D. NEIDITZ AND BONANZA ACQUISTION LLC to obtain plaintiff's income tax records for the years 2005 to the present.

**\*PLEASE NOTE**:
PROVIDE THE <u>MOST CURRENT</u> IRS AUTHORIZATION FORM,
ALONG WITH COPIES OF
**TWO (2) FORMS OF SIGNATURE IDENTIFICATION**
FOR THE PLAINTIFF(S).
THANK YOU.

      **PLEASE TAKE FURTHER NOTICE**, that in lieu of said inspection, you may forward the information to the office of the undersigned prior to the return date.

      **PLEASE TAKE FURTHER NOTICE**, that the within is a continuing request.  In the event any of the above items are obtained after service hereof, they are to be immediately furnished to the undersigned.

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce, identify, state and provide the aforesaid items within thirty (30) days of service hereof, a motion will be made for the appropriate relief to this Court.

Dated: New York, New York
      July 27, 2007

                  Yours, etc.,

                  VINCENT P. CRISCI, ESQ.
                  Attorney(s) for Defendant(s)
                  MARK D. NEIDITZ
                  AND BONANZA ACQUISTION LLC

                  By: _____
                        CAROLINE PAPADATOS, ESQ.

                  17 State Street
                  New York, NY  10004
                  Telephone No.: 212-943-8940
                  File No.: 03-621019-CP

TO:    ORIN J. COHEN, ESQ.
        Attorney(s) for Plaintiff(s)
        1162 Victory Boulevard
        Staten Island, NY  10301
        Telephone No.: 718-448-2889

SUPREME COURT OF THE STATE OF NEW YORK                Index No.: 16322/07
COUNTY OF  BRONX
-------------------------------------------------------------------------------X

KELVIN E. GAMBLE,                                                            **NOTICE**
                                                                             **PURSUANT**
                                      Plaintiff(s),                          **TO CPLR 2103**

                    -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                                      Defendant(s).

-------------------------------------------------------------------------------X

**S I R S :**

        **PLEASE TAKE NOTICE**, that defendant, MARK D. NEIDITZ AND BONANZA

ACQUISTION LLC, by their attorney, VINCENT P. CRISCI, ESQ., hereby  serve(s) notice upon you

pursuant to Rule 2103 of the Civil Practice Law ad Rules that service of papers in this matter by

electronic means is expressly rejected.

        **PLEASE TAKE FURTHER NOTICE,** that service of papers upon said defendant(s) by

electronic means may only be effectuated after consent to such service is given by the undersigned in

writing and by placing such electronic communication number in the address block of papers filed with

the Court.

Dated: New York, New York
         July 27, 2007

                                      Yours, etc.,
                                      VINCENT P. CRISCI, ESQ.
                                      Attorney(s) for Defendant(s)
                                      MARK D. NEIDITZ
                                      AND BONANZA ACQUISTION LLC

                                      By: _____
                                            CAROLINE PAPADATOS, ESQ.
                                      17 State Street
                                      New York, NY  10004
                                      Telephone No.: 212-943-8940
                                      File No.: 03-621019-CP

TO:    ORIN J. COHEN, ESQ.
       Attorney(s) for Plaintiff(s)
       1162 Victory Boulevard
       Staten Island, NY  10301
       Telephone No.: 718-448-2889

SUPREME COURT OF THE STATE OF NEW YORK        Index No.: 16322/07
COUNTY OF  BRONX
------------------------------------------------------------------------X

KELVIN E. GAMBLE,                                                          **DEMAND FOR**
                                                                           **EXPERT**
                              Plaintiff(s),                                **DISCLOSURE**
                                                                           **PURSUANT**
              -against-                                                    **TO CPLR 3101(d)**

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                              Defendant(s).

------------------------------------------------------------------------X

**S I R S :**

      Defendant(s), MARK D. NEIDITZ AND BONANZA ACQUISTION LLC., hereby make(s) demand upon you as follows:

      1.    Identify and state the qualifications of each person whom you expect to call as an expert witness at trial.

      2.    State, in reasonable detail, the subject matter upon which the expert is expected to testify.

      3.    Provide the substance of the facts and opinions upon which the expert is expected to testify.

      4.    Provide a summary of the grounds of each such opinion.

      **PLEASE TAKE FURTHER NOTICE**, that demand is further made for you to supplement your response to this request immediately upon consultation and retention of an expert witness.

      **PLEASE TAKE FURTHER NOTICE,** that the within is a continuing request.  In the event any of the above items are obtained after service hereof, they are to be immediately furnished to the undersigned.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to produce, identify, state and provide the aforesaid items within thirty (30) days of service hereof, a motion will be made for the appropriate relief to this Court.

Dated: New York, New York
         July 27, 2007

                                        Yours, etc.,

                                        VINCENT P. CRISCI, ESQ.
                                        Attorney(s) for Defendant(s)
                                        MARK D. NEIDITZ
                                        AND BONANZA ACQUISTION LLC

                                        By: _____
                                              CAROLINE PAPADATOS, ESQ.

                                        17 State Street
                                        New York, NY  10004
                                        Telephone No.: 212-943-8940
                                        File No.: 03-621019-CP

TO:    ORIN J. COHEN, ESQ.
       Attorney(s) for Plaintiff(s)
       1162 Victory Boulevard
       Staten Island, NY  10301
       Telephone No.: 718-448-2889

SUPREME COURT OF THE STATE OF NEW YORK          Index No.: 16322/07
COUNTY OF  BRONX
-----------------------------------------------------------------------X

KELVIN E. GAMBLE,

                                    Plaintiff(s),                    **DEMAND**
                                                                     **PURSUANT**
                                                                     **TO CPLR 4545**
                    -against-


MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                                    Defendant(s).


-----------------------------------------------------------------------X



**S I R S :**

       **PLEASE TAKE NOTICE**, that demand is hereby made upon the attorney(s) for the plaintiff(s) that they serve upon the undersigned, a statement in conformity with CPLR 4545, stating whether any part of the cost of medical care, dental care, custodial care, rehabilitation services, loss of earnings, or other economic loss sought to be recovered herein was replaced or indemnified, in whole or in part, from any collateral source, such as insurance, social security, (except those benefits provided under Title 18 of the Social Security Act), Workers' Compensation, or employee benefit programs and, if so, the full name and address of each organization or program providing such replacement or indemnification, together with an itemized statement of the amount in which each such claimed item of economic loss was replaced or indemnified by each such organization or program.

       Demand is additionally made for duly executed and acknowledged original written authorization(s) permitting the undersigned to inspect and copy any records reflecting any collateral source or payment in response to the foregoing demand.

**PLEASE TAKE FURTHER NOTICE**, that the within is a continuing request.  In the event any of the above items are obtainable after service hereof, they are to be immediately furnished to the undersigned.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to produce, identify, state and provide the aforesaid items within thirty (30) days of service hereof, a motion will be made for the appropriate relief to this Court.

Dated: New York, New York
      July 27, 2007

                                 Yours, etc.,

                                 VINCENT P. CRISCI, ESQ.
                                 Attorney(s) for Defendant(s)
                                 MARK D. NEIDITZ
                                 AND BONANZA ACQUISTION LLC

                                 By: _____
                                       CAROLINE PAPADATOS, ESQ.

                                 17 State Street
                                 New York, NY  10004
                                 Telephone No.: 212-943-8940
                                 File No.: 03-621019-CP

TO:     ORIN J. COHEN, ESQ.
          Attorney(s) for Plaintiff(s)
          1162 Victory Boulevard
          Staten Island, NY  10301
          Telephone No.: 718-448-2889

SUPREME COURT OF THE STATE OF NEW YORK          Index No.: 16322/07
COUNTY OF  BRONX
-----------------------------------------------------------------------------X

KELVIN E. GAMBLE,

                                    Plaintiff(s),                    **DEMAND FOR
                                                                     AUTHORIZATION
                                                                     TO OBTAIN
                -against-                                            EMPLOYMENT
                                                                     RECORDS AND
MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,                          W2s**

                                    Defendant(s).

-----------------------------------------------------------------------------X

# S I R S :

      **PLEASE TAKE NOTICE,** that pursuant to Section 3031 of the CPLR, defendant(s), MARK D. NEIDITZ AND BONANZA ACQUISTION LLC, demand(s) authorizations permitting them to obtain plaintiff's employment records and W2s for the years 2005 to the present relevant to the above-entitled action.

      **PLEASE TAKE FURTHER NOTICE**, that these authorizations should permit said defendant(s) access to information relating to the plaintiff's salary, attendance on the job and medical history.

      Should the plaintiff(s) willfully fail to disclose the above information, said defendant(s) will actively pursue the remedies made available in Section 3126 of the CPLR.

      **PLEASE TAKE FURTHER NOTICE**, that the within is a continuing request.  In the event any of the above items are obtainable after service hereof, they are to be immediately furnished to the undersigned.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to produce, identify, state and provide the aforesaid items within thirty (30) days of service hereof, a motion will be made for the appropriate relief to this Court.

Dated: New York, New York
　　　July 27, 2007

　　　　　　　　　　　　　　　　Yours, etc.,

　　　　　　　　　　　　　　　　VINCENT P. CRISCI, ESQ.
　　　　　　　　　　　　　　　　Attorney(s) for Defendant(s)
　　　　　　　　　　　　　　　　MARK D. NEIDITZ
　　　　　　　　　　　　　　　　AND BONANZA ACQUISTION LLC

　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　CAROLINE PAPADATOS, ESQ.

　　　　　　　　　　　　　　　　17 State Street
　　　　　　　　　　　　　　　　New York, NY  10004
　　　　　　　　　　　　　　　　Telephone No.: 212-943-8940
TO:　　ORIN J. COHEN, ESQ.　　　File No.: 03-621019-CP
　　　　Attorney(s) for Plaintiff(s)
　　　　1162 Victory Boulevard
　　　　Staten Island, NY  10301
　　　　Telephone No.: 718-448-2889

SUPREME COURT OF THE STATE OF NEW YORK          Index No.: 16322/07
COUNTY OF BRONX
------------------------------------------------------------------X

KELVIN E. GAMBLE,                                               **DEMAND FOR**
                                                                **STATEMENT OF**
                                                                **DAMAGES**
                              Plaintiff(s),

                    -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION
LLC,

                              Defendant(s).
------------------------------------------------------------------X

**S I R S :**

      **PLEASE TAKE NOTICE,** that demand is hereby made upon you, pursuant to CPLR 3017(c)

that within fifteen (15) days plaintiff shall provide a statement of damages to which the pleader deems

himself entitled.   Demand is hereby also made that the pleader state whether or not the amount of

damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction.   The pleader shall set forth the total damages to which the pleader deems himself entitled.

This supplemental demand which is served with the Verified Answer shall be treated in all respects as a

demand made pursuant to CPLR 3017(a).

      Failure to provide same to the requesting defendant shall compel this requesting defendant to seek

dismissal of the plaintiff's action.

Dated: New York, New York
     July 27, 2007

                          Yours, etc.,

                          VINCENT P. CRISCI, ESQ.
                          Attorney(s) for Defendant(s)
                          MARK D. NEIDITZ
                          AND BONANZA ACQUISTION LLC

                          By: _____
                              CAROLINE PAPADATOS, ESQ.

17 State Street
New York, NY  10004
Telephone No.: 212-943-8940
File No.: 03-621019-CP

TO:    ORIN J. COHEN, ESQ.
       Attorney(s) for Plaintiff(s)
       1162 Victory Boulevard
       Staten Island, NY  10301
       Telephone No.: 718-448-2889

SUPREME COURT OF THE STATE OF NEW YORK    Index No.: 16322/07
COUNTY OF BRONX
-------------------------------------------------------------------X

KELVIN E. GAMBLE,

                  Plaintiff(s),

              -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION
LLC,

                  Defendant(s).

-------------------------------------------------------------------X

**NOTICE TO TAKE
DEPOSITION UPON
ORAL
EXAMINATION**

*S I R S :*

      **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony, upon oral examination of the plaintiff, **KELVIN E. GAMBLE,** as an adverse party, will be taken before a Notary Public, who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein,

**at**

**THE LAW OFFICE OF VINCENT P. CRISCI**

**located at 17 State Street, 8th Floor,  New York, NY 10004,**

**on January 28, 2008 at 2:00 o'clock in the afternoon of that day,**

with respect to evidence material and necessary in the defense of this action:

All the relevant facts and circumstances in connection with the accident which occurred on October 21, 2006, including negligence, contributory negligence, liability and damages.

Dated: New York, New York
      July 27, 2007

                              Yours, etc.,

                              VINCENT P. CRISCI, ESQ.
                              Attorney(s) for Defendant(s)
                              MARK D. NEIDITZ
                              AND BONANZA ACQUISTION LLC

                              By: _____
                                  CAROLINE PAPADATOS, ESQ.

                              17 State Street
                              New York, NY  10004
                              Telephone No.: 212-943-8940
                              File No.: 03-621019-CP

TO:     ORIN J. COHEN, ESQ.
          Attorney(s) for Plaintiff(s)
          1162 Victory Boulevard
          Staten Island, NY  10301
          Telephone No.: 718-448-2889

<u>**V E R I F I C A T I O N**</u>**:**

**STATE OF NEW YORK** )
                           **: ss.:**
**COUNTY OF NEW YORK**)

       I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

       I am the attorney of record, or of counsel with the attorney of record, **VINCENT P. CRISCI,** for defendant(s), **MARK D. NEIDITZ AND BONANZA ACQUISTION LLC**, in the within action.

       I have read the annexed *ANSWER,* know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief and, as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: *correspondence and information contained in the file maintained by your affirmant's office.*

       The reason I make this affirmation instead of defendant(s), **MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,** is because *said defendant(s) do/ does not reside and/or maintain its principal place of business within the County of New York where your affirmant's law office is located.*

Dated: New York, New York
      July 27, 2007

                          _____
                             **CAROLINE PAPADATOS**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X    Index No.: 16322/07

KELVIN E. GAMBLE,                                          **DEMAND FOR**
                                                          **AUTHORIZATION TO**
                            Plaintiff(s),                 **OBTAIN NO-FAULT**
                                                          **RECORDS**

                -against-


MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                            Defendant(s).


-------------------------------------------------------------------------X

**S I R S :**

        **PLEASE TAKE NOTICE,** that pursuant to the Civil Practice Law and Rules, you are required to

produce for discovery, inspection and reproduction at the office of the undersigned, on August 27, 2007 at

2:00 p.m. the following:

        1.      Authorization(s) enabling defendant(s), MARK D. NEIDITZ AND BONANZA

ACQUISTION LLC, to obtain plaintiff's no-fault file records.

        **PLEASE TAKE FURTHER NOTICE,** that in lieu of said inspection, you may forward the

information to this office prior to the return date.

        **PLEASE TAKE FURTHER NOTICE,** that the within is a continuing request.  In the event any

of the above items are obtained after service hereof, they are to be immediately furnished to the

undersigned.

        **PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce, identify, state and

provide the aforesaid items within thirty (30) days of service hereof, a motion will be made for the

appropriate relief to this Court.

Dated: New York, New York
        July 27, 2007

Yours, etc.,

VINCENT P. CRISCI, ESQ.
Attorney(s) for Defendant(s)
MARK D. NEIDITZ
AND BONANZA ACQUISTION LLC

By: _____
       CAROLINE PAPADATOS, ESQ.

17 State Street
New York, NY  10004
Telephone No.: 212-943-8940
File No.: 03-621019-CP

TO:    ORIN J. COHEN, ESQ.
       Attorney(s) for Plaintiff(s)
       1162 Victory Boulevard
       Staten Island, NY  10301
       Telephone No.: 718-448-2889

Index No.: 16322/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
==================================================================
KELVIN E. GAMBLE,

                                            Plaintiff(s),

              -against-

MARK D. NEIDITZ AND BONANZA ACQUISTION LLC,

                                            Defendant(s).

==================================================================
**VERIFIED ANSWER; DEMAND FOR A VERIFIED BILL OF PARTICULARS; NOTICE FOR DISCOVERY AND INSPECTION; DEMAND FOR EXPERT DISCLOSURE; NOTICE PURSUANT TO CPLR 2103 ; DEMAND PURSUANT TO CPLR 4545; DEMAND FOR AUTHORIZATION(S) TO OBTAIN EMPLOYMENT RECORDS AND W2s;  DEMAND FOR AUTHORIZATION(S) TO OBTAIN INCOME TAX RECORDS; DEMAND FOR AUTHORIZATION(S) TO OBTAIN NO-FAULT FILE RECORDS; DEMAND FOR STATEMENT OF DAMAGES AND  NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**
==================================================================
### *VINCENT P. CRISCI, ESQ.*
Attorney for Defendant(s)
MARK D. NEIDITZ AND BONANZA ACQUISTION LLC.
17 State Street
New York, NY  10004
Telephone No.: 212-943-8940
File No.:  **03-621019-CP**
==================================================================
         TO:      ALL PARTIES
==================================================================
Pursuant to 22 N.Y.C.R.R. 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York,
certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous
Dated:  New York, New York
      July 27, 2007                             Signature_____
                         (*Print signer's name*)                       CAROLINE PAPADATOS, ESQ.

==================================================================
      EXHIBIT B

LAW OFFICE OF

**VINCENT P. CRISCI**

17 STATE STREET
NEW YORK, N.Y.  10004
212-943-8940
Facsimile 212-425-3428

VINCENT P. CRISCI
---
FE D. TESORO                                                              DAVID WEISER
CAROLINE PAPADATOS                                         STEPHANIE L. ROBBINS

**July 27, 2007**

Orin J. Cohen, Esq.
1162 Victory Boulevard
Staten Island, NY  10301

                                        Re:  Gamble v. Neiditz, et ano.
                                          Our file no.:  03-621019-CP

Dear Counselor:

        We have served you with a demand for statement of damages.  We again make the demand that you respond in due course.  We have filed a notice of removal with the Southern District, Federal Court in New York.  Please find attached the filing.

        It is imperative that you provide us with a Statement of Damages so that we can appropriately advise the Federal judge of same.

        If you have any questions, please respond immediately at my extension, 218.

                                        Very truly yours,

                                        CAROLINE PAPADATOS

CP:djc
Att/Encl.

Staff Counsel—Hanover Ins. Co./Citizens Ins. Co.